1

2                          UNITED STATES DISTRICT COURT

3                        NORTHERN DISTRICT OF CALIFORNIA

4

5    SHERMAN MONROE POLK,                      Case No.  14-cv-04375-KAW

            Plaintiff,
6
                                              **ORDER OF DISMISSAL WITH LEAVE**
7      v.                                     **TO AMEND**

8    DIANE GARY, et al.,

            Defendants.
9

10

11          Plaintiff Sherman Monroe Polk, a state prisoner incarcerated at Correctional Training

12   Facility ("CTF") in Soledad, has filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983,

13   alleging the violation of his constitutional rights by Stockton Parole Supervisor Diane Gary,

14   Stockton Parole Agent Roy Lacy, CTF Counselor Creamer Todd and the Department of

15   Corrections and Rehabilitation ("CDCR").  Plaintiff has consented to the jurisdiction of the

16   undersigned United States Magistrate Judge over this action.  His motion for leave to proceed *in*

17   *forma pauperis* is granted in a separate order.

18                                     **I. DISCUSSION**

19   **A. Preliminary Review of Complaint**

20          A federal court must conduct a preliminary screening in any case in which a prisoner seeks

21   redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

22   § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims

23   that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek

24   monetary relief from a defendant who is immune from such relief.  *Id.* § 1915A(b)(1), (2).  *Pro se*

25   pleadings must be liberally construed.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th

26   Cir. 1988).

27          To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:

28   (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that

the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Liability may be imposed on an individual defendant under 42 U.S.C. § 1983 if the plaintiff can show that the defendant's actions both actually and proximately caused the deprivation of a federally protected right. *Lemire v. Cal. Dept. Corrections & Rehabilitation*, 756 F.3d 1062, 1074 (9th Cir. 2013); *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988); *Harris v. City of Roseburg*, 664 F.2d 1121, 1125 (9th Cir. 1981). A person deprives another of a constitutional right within the meaning of section 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. *Leer*, 844 F.2d at 633. Under no circumstances is there respondeat superior liability under section 1983. *Lemire*, 756 F.3d at 1074. Or, in layman's terms, under no circumstances is there liability under section 1983 solely because one is responsible for the actions or omissions of another. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *Ybarra v. Reno Thunderbird Mobile Home Village*, 723 F.2d 675, 680-81 (9th Cir. 1984). A supervisor may be liable under section 1983 upon a showing of (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *Henry A. v. Willden*, 678 F.3d 991, 1003-04 (9th Cir. 2012) (citing *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011)). It is insufficient for a plaintiff only to allege that supervisors knew about the constitutional violation and that they generally created policies and procedures that led to the violation, without alleging "a specific policy" or "a specific event" instigated by them that led to the constitutional violations. *Hydrick v. Hunter*, 669 F.3d 937, 942 (9th Cir. 2012).

**B. Plaintiff's Claims**

The following is a summary of the allegations in Plaintiff's complaint. In 1985, the Fresno Superior Court and the CDCR erred by indicating that Plaintiff's criminal conviction involved copulation with a minor when the victim was an adult. The investigation and police reports indicated the correct age of the victim. In 2005, Plaintiff was released from prison and paroled to Stockton. Because of the error regarding the victim's age, a great deal of media attention focused

2

United States District Court
Northern District of California

1   on Plaintiff when he was released.  For nine months, the Stockton Parole Department placed

2   around-the-clock supervision on Plaintiff.  Parole Supervisor Gary and Parole Agent Lacy said

3   that the supervision was necessary based on threats made against Plaintiff's life because the public

4   thought the victim of Plaintiff's crime was a minor.  Supervisor Gary told the media that the

5   victim was not a minor and that Plaintiff had no past history of crimes against children.   She also

6   told Agent Lacy to have the error corrected at the Department of Justice and to have the

7   information deleted from the internet.

8        Plaintiff was released from parole, but is now at CTF on a new charge.  Plaintiff's

9   counselor, Creamer Todd told him that because the victim of his 1985 crime was a minor, he

10  cannot have visitation privileges with his children, have contact with any children or go to places

11  where children congregate.  Plaintiff told Counselor Todd about the error that had been made in

12  his case and that, if she looked at the police reports in his old central prison file, she would see the

13  victim was an adult.  Counselor Todd refused to do this or to help Plaintiff in any way.  Plaintiff is

14  in jeopardy from inmates at CTF because he has falsely been labeled a child molester.

15       Plaintiff seeks damages and injunctive relief including reclassification, restoration of

16  visitation privileges, a flat screen television, typewriter, personal clothing and shoes, and

17  elimination of the requirement to register with the police department.

18       Although Plaintiff fails to indicate what constitutional right Defendants violated, he

19  appears to be asserting a due process violation for misclassification.

20  **C. Due Process Legal Standard**

21       The Supreme Court has held that the due process rights of a convicted prisoner are limited

22  to (1) freedom from restraint which "exceed(s) the sentence in such an unexpected manner as to

23  give rise to protection by the Due Process Clause of its own force," or  (2) those liberty interests

24  created by state law or regulation.  *Sandin v. Connor*, 515 U.S. 472, 484 (1995).  Where the

25  deprivation lies within the limits of custody authorized by the conviction, no liberty interest is

26  protected by the Due Process Clause itself.  *Jones v. Moran*, 900 F. Supp. 1267, 1271 (N.D. Cal.

27  1995) (citing *Wolff v. McDonnell*, 481 U.S. 539, 557 (1974) and *Meachum v. Fano*, 427 U.S. 215,

28  225 (1976)).  However, a state statute or regulation can still create a right triggering due process

United States District Court
Northern District of California

1  protection.  *Id.*

2      Before *Sandin*, whether a state statute or regulation created a liberty interest was

3  determined by examining the statute or regulation to determine if it used "language of

4  unmistakably mandatory character," to provide that the liberty would not be infringed unless

5  specified substantive predicates were met.  *Id.* (citing *Hewitt v. Helms*, 459 U.S. 460, 471-72

6  (1983)).  In *Sandin*, the Court adopted a new test shifting the emphasis away from the language of

7  the statute or regulation purportedly creating the liberty interest to consideration of the nature and

8  significance of the purported liberty interest itself.  *Id.* at 1272.  Under *Sandin*, the state liberty

9  interest in question must be one of "real substance."  *Sandin*, 515 U.S. at 477-87.  "Real

10  substance" means freedom from (1) restraint that imposes "atypical and significant hardship on the

11  inmate in relation to the ordinary incidents of prison life," *id.* at 484, or (2) state action that "will

12  inevitably affect the duration of [a] sentence," *id.* at 487.  After *Sandin*, the language of state

13  statutes and regulations play little, if any, role in determining the existence of a protected, state-

14  created liberty interest.  *See Wilkinson v. Austin*, 545 U.S. 209, 222-23 (2005) ("the touchstone of

15  the inquiry into the existence of a protected, state-created liberty interest in avoiding restrictive

16  conditions of confinement is not the language of the regulations regarding those conditions but the

17  nature of those conditions 'in relation to the ordinary incidents of prison life.'").

18      Prisoners have no constitutional right to a particular classification.  *Moody v. Dagget*, 429

19  U.S. 78, 88 n.9 (1976).  Changes in conditions relating to classification and reclassification do not

20  implicate the Due Process Clause.  *Hernandez v. Johnston*, 833 F.2d 1316, 1318 (9th Cir. 1987).

21  However, the classification of an inmate as a sex offender may create the type of atypical and

22  significant hardship in relation to the ordinary incidents of prison life that implicates a liberty

23  interest.  *See Neal v. Shimoda*, 131 F.3d 818, 830, (9th Cir. 1997) (the liberty interest at stake is

24  the stigmatizing consequences of the attachment of the sex offender label).

25  **D. Analysis**

26      In Plaintiff's case, the label of sex offender involving a minor may be more stigmatizing

27  than the label of sex offender discussed in *Neal*.  Therefore, Plaintiff's allegations may state a due

28  process claim.  However, his allegations against Supervisor Gary and Agent Lacy do not state a

United States District Court
Northern District of California

1   due process claim against them.  According to his allegations, they merely protected him when he

2   was released on parole in 2005 and informed the media and the Department of Justice that the

3   victim of Plaintiff's crime was not a minor and that he did not have a history of harming minors.

4   These allegations show that Supervisor Gary and Agent Lacy protected Plaintiff's rights rather

5   than violating them.  Therefore, any claims against Supervisor Gary and Agent Lacy are

6   dismissed.  Dismissal is without leave to amend because it appears that Plaintiff could not add

7   allegations that would implicate them in a constitutional violation.

8         Furthermore, Plaintiff includes no allegations that implicate the CDCR.  Moreover, it

9   would be unlikely that the state agency would be involved in the decision regarding Plaintiff's

10  classification.  Therefore, the claims against the CDCR are dismissed without leave to amend

11  because it appears that Plaintiff could not add allegation that would implicate the CDCR in a

12  constitutional violation.

13        Plaintiff's allegations appear to state a due process claim against Counselor Todd.

14  However, there may be additional individuals who were involved in Plaintiff's classification

15  decision who he has not named as defendants.  Plaintiff is given leave to file an amended

16  complaint to add such individuals as defendants.  If Plaintiff chooses to file an amended

17  complaint, he must include specific allegations indicating the conduct of each individual that

18  violated his due process rights.

19                              **II. CONCLUSION**

20        Based on the foregoing, the Court orders as follows:

21        1. The claims against Supervisor Gary, Agent Lacy and the CDCR are dismissed with

22  prejudice.

23        2. Viewing the allegations liberally, they appear to state a due process claim against

24  Counselor Todd.

25        3. Plaintiff is granted leave to amend to name as defendants other individuals who were

26  involved in Plaintiff's classification decision.

27        4.  If Plaintiff chooses to file an amended complaint, he must do so within twenty-eight

28  days from the date of this Order.  He must file the amended complaint on the Court's civil

5

complaint form with the words "First Amended Complaint," on the upper right hand side of the cover page.  Plaintiff must use in the caption of the Amended Complaint the name of this case, *Polk v. Gary, etal.*, and the case number C 14-4375 KAW (PR)   Plaintiff is advised that an amended complaint supersedes the original complaint.  *See London V. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981) ("a plaintiff waives all claims alleged in original complaint which are not alleged in an amended complaint); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992) (defendants not named in amended complaint are no longer defendants).  If Plaintiff does not file an amended complaint within twenty-eight days from the date of this Order, his claims against Counselor Todd will proceed without additional defendants.

5.  It is Plaintiff's responsibility to prosecute this case.  He must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion.

6.  Extensions of time are not favored, though reasonable extensions will be granted.  Any motion for an extension of time must be filed no later than <u>fourteen</u> days prior to the deadline sought to be extended.

7. The Clerk of the Court shall send Plaintiff a blank civil rights form with this Order.

**IT IS SO ORDERED**.

Dated: November 18, 2014

_____

KANDIS A. WESTMORE
United States Magistrate Judge

United States District Court
Northern District of California