UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHERMAN MONROE POLK,<br><br>    Plaintiff,<br><br>    v.<br><br>M. CREAMER-TODD,<br><br>    Defendant. | Case No. 14-cv-04375-YGR (PR)<br><br>**ORDER** |

Plaintiff Sherman Monroe Polk, a state prisoner incarcerated at the Correctional Training Facility ("CTF"), brings the instant *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983, initially alleging the violation of his constitutional rights by Stockton Parole Supervisor Diane Gary, Stockton Parole Agent Roy Lacy, CTF Correctional Counselor M. Creamer-Todd, and the Department of Corrections and Rehabilitation ("CDCR"). Dkt. 1. The Court has since dismissed all claims against the CDCR for failure to include any allegations that implicated the CDCR, and against Defendants Gray and Lacy for improper venue. Dkt. 7 at 5; Dkt. 11 at 2-3. The operative complaint is the amended complaint (Dkt. 10), and the only remaining claim that has been served is a due process claim for misclassification against Defendant Creamer-Todd ("Defendant") for failing to correct an error that caused Plaintiff to lose certain visitation rights at CTF.

The parties are presently before the Court on Defendant's Motion for Summary Judgment. Dkt. 73. The central argument of Defendant's motion is that Plaintiff's amended complaint is barred based on his failure to exhaust administrative remedies under the Prison Litigation Reform Act of 1995 ("PLRA"), 42 U.S.C. § 1997e(a). Also before the Court are Defendant's Motion to Stay Discovery Pending Ruling on Dispositive Motion (Dkt. 80) as well as Plaintiff's numerous pending motions.

Most significantly, the parties apparently disagree as to whether or not Plaintiff has a prior 1985 criminal conviction under California Penal Code § 288a(c) for Oral Copulation with a Child Under 14 Years Old. Defendant claims she verified the 1985 conviction on Plaintiff's criminal record before she decided to recommend to continue Plaintiff's minor non-contact visitation

restriction at CTF during the May 20, 2014 classification committee meeting. Creamer-Todd Decl. ¶ 4. Meanwhile, Plaintiff claims that the Fresno County Superior Court and the CDCR erred by indicating that his criminal conviction involved copulation with a minor because the police reports indicate that the victim was an adult in 1985. Dkt. 1 at 6.

Plaintiff's due process claim stems from the May 20, 2014 classification committee decision to restrict his minor visitation privileges. Dkt. 10 at 4. Plaintiff claims that Defendant told him that because the victim of his 1985 crime was a minor, he cannot have visitation privileges with his children, have contact with any children or go to places where children congregate. *Id.* at 9. Plaintiff informed Defendant about the error that had been made in his case and that, if she looked at the police reports in his old central prison file, she would see the victim was an adult. *Id.* at 9-10. Defendant refused to do this or to help Plaintiff in any way. *Id.* at 10. Plaintiff seeks damages and injunctive relief including reclassification, restoration of visitation privileges, a flat screen television, typewriter, personal clothing and shoes, and elimination of the requirement to register with the police department. *Id.* at 12.

As mentioned above, service of process has been accomplished as to Defendant, who has since filed the pending motion for summary judgment for failure to properly exhaust his administrative remedies. Before the Court resolves the pending dispositive motion or any of the parties' other pending motions, it directs Defendant to first answer the fundamental question of whether or not Plaintiff has been convicted of the aforementioned crime involving a minor in 1985. Defendant shall also provide the Court with necessary supporting documentation relating to the May 20, 2014 classification decision to continue restricting Plaintiff's minor visitation privileges, as explained below.

## CONCLUSION

In light of the foregoing, the Court orders the following:

1. No later than **November 6, 2015**, Defendant shall submit a declaration:

    a. addressing whether or not Plaintiff has a prior 1985 criminal conviction under California Penal Code § 288a(c) for Oral Copulation with a Child Under 14 Years Old; and

    b. attaching supporting exhibits relating to the May 20, 2014 classification

decision to continue Plaintiff's minor non-contact visitation restriction, including:

    1)     the abstract of judgment for the 1985 conviction;

    2)     a copy of all the relevant prison records considered in the May 20, 2014 decision restricting Plaintiff's minor visitation privileges; and

    3)     a copy of all documentation relating to the May 20, 2014 decision and explaining how and why such a decision was reached.

2.     After the aforementioned declaration is filed, the Court will resolve the pending dispositive motion and all remaining motions filed by the parties.

IT IS SO ORDERED.

Dated: October 20, 2015

_____
YVONNE GONZALEZ ROGERS
United States District Judge

3